UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EARL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | 04-2245 |
| | ) | |
| v. | ) | |
| | ) | |
| AMBER MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Earl Robinson ("Robinson"), filed this action against defendant Amber Moore ("Moore"), an animal control officer for the City of Champaign (the "City"), pursuant to 42 U.S.C. § 1983.

Moore has filed a motion for summary judgment. For the following reasons, the motion [#21] is granted.

BACKGROUND

Robinson filed his complaint on November 29, 2004. He alleges that Moore has taken two dogs from him simply because he is Afro-American. Robinson states that Moore has a long-standing practice of taking the dogs of Afro-American citizens living on the north side of Champaign. He asserts he has demographic proof, logs, and no less than 500 witnesses who can attest to Moore's racist motives. Robinson further states that Moore's actions are motivated solely by race and the City of Champaign supports her actions, giving her conduct an air of legitimacy.[1]

Moore tells an entirely different story, which Robinson does not dispute.[2] Moore focuses on a specific incident relating to Robinson's dog, China. On November 21, 2003, a caller reported to police that two men were working on an apartment building at 601 S. Crescent Drive[3] when they were attacked by a pit bull owned by Robinson. Moore responded to the police call

---

[1] The City is not a party to this action.

[2] Though Robinson may have challenged some of the facts during his bench trial for ordinance violations stemming from the relevant incident, he has not done so in the format required by the Local Rules of this court, nor has he challenged them generally in his opposition to Moore's motion. He states, "It is not a matter if the dog was taken. It is a matter of motive and history."

[3] Crescent Drive is in the southwest quadrant of Champaign.

and learned that the men held the dog at bay by swinging at it with a shovel and a four-foot level. The dog's teeth nicked one man's leg and tore his pants. At the time, Moore couldn't find Robinson or his dog at that location. Three days later, Moore located Robinson at his apartment at 601 Crescent Drive. He admitted that China belonged to him. Robinson stated that the dog was current on its shots. When Moore asked that the dog be turned over to her for a ten-day quarantine, Robinson responded that he was having China quarantined with a veterinarian. Moore later called Champaign County Animal Control and learned that no rabies tag had been issued to China. Moore also contacted the veterinarian and learned that China had been vaccinated against rabies for the first time on November 22, 2003, the day after the attack.

On November 26, 2003, the Champaign County Circuit Court issued a search warrant to seize and impound the dog. On December 3, 2003, the City filed an ordinance violation complaint alleging that Robinson kept a vicious animal, allowed his dog to run at large, and failed to have a rabies tag on the dog's collar. At a bench trial on September 24, 2004, Robinson was found guilty of the rabies tag violation. At a second bench trial on October 8, 2004, Robinson was found guilty of keeping and harboring a vicious animal. China was ordered destroyed. Robinson appealed to the Illinois Appellate Court, Fourth District. His appeal was dismissed on April 7, 2005.

Moore states that she has had no other involvement with a dog owned by Robinson in the two-year period prior to the filing date of this action.

## ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when "a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must consider the evidence in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. *Jakubiec v. Cities Serv. Co.*, 844 F.2d 470, 473 (7th Cir. 1988). Once the movant has done so, the party opposing the motion bears the burden to respond, not simply by resting on the pleadings, but by affirmatively demonstrating that there is a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-324. In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005). "If [the non-movant] does not [meet his burden], summary judgment, if appropriate, shall be entered against [the non-movant]." *See* Fed. R. Civ. P. 56(e).

In order to prevail at trial, Robinson must show that "(1) that he was deprived of a right

2

secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person or persons acting under color of state law." *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (*citing Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Robinson alleges that Moore's conduct is racially motivated, in violation of the Fourteenth Amendment to the United States Constitution.

In support of her version of the facts, Moore submits the following material: (1) her affidavit; (2) the affidavit of Assistant City of Champaign Attorney Rhonda Olds; (3) a search warrant issued for the seizure of Robinson's dog; (4) the City's complaints against Robinson for harboring a vicious animal, failure to restrain the dog on a leash, and failure to attach a rabies tag to the dog's collar; (5) the transcripts of two bench trials on the City's complaints, (6) the notice of dismissal on the appeal before the Illinois Appellate Court, Fourth District; and (7) a memorandum of law supporting the motion for summary judgment.

Robinson responds to Moore's motion and evidence by stating that his case is not a question of whether his dog was taken; it is a matter of motive and history. At this stage of the litigation, Robinson must offer much more than his belief that this is true; he must present his *evidence*, through depositions, answers to interrogatories, admissions on file, and the like, to show the court that he can support his assertions with facts creating a genuine issue for trial. Robinson claims he has over 600 pieces of evidence to show that although Moore states she is "doing her job," her actions are "motivated by racism and she has practiced this on the north end for years."

Robinson has submitted two pieces of evidence to support his argument. The first is a copy of a notice apparently posted to the public, which reads as follows.

<u>The Political Alliance of Concerned Citizens</u>
<u>P.O. Box 1421</u>
<u>Champaign, IL 61824</u>

Has the Champaign animal control take your dog within the last five years? If they have there is a chance that your dog was not destroyed, but was sold on the black market. If this should prove to be the case you should be compensated for your loss. To put an end to this (and other forms of corruption) we need your help (send the information to the above address) tell us what year your dog was taken. What type of dog it was. The address from where the dog was taken from. Roughly the month it was taken in, and if possible the name of the animal control person that took the dog.
Corruption exist [sic] at all levels of the power structure here in Champaign, but we will not rest until we have exposed all who are involved. Justice in Champaign County has simply gone to the DOGS!
                                                                First Citizen

Robinson also attaches correspondence apparently sent in reply to the above notice. The note

3

appears to have been handwritten on an index card.

> My name is [Jane Doe],[4] in August of 2004 my dog Scottie was taken by a heavyset woman by the name of Amber. Scottie had been a member of my family for 10 years. My kids cried as did my nephews. Thanks for your help. [An arrow and the word "over" direct the reader to the back of the index card.] My dog was taken from [an address in the northwest part of Champaign]. Scottie was a minitature [sic] collie that had all of his shots including his yearly rabie [sic] shot. I really appreciate what your [sic] doing and I wish you all well.
>
> Thanks, [Jane Doe] 4/21/05

The notice posted by the Political Alliance of Concerned Citizens does not ask those who respond to indicate their race, nor is there any indication that Jane Doe believed the seizure of her dog to be motivated by race discrimination.

Robinson explains this letter is a "sample of . . . what the plaintiff has received," and "to send more would require [the court] to hire a new staff to read it all." Unfortunately, this single piece of "evidence" does nothing to prove that the dog was seized because its owner is African-American. Moreover, even if Robinson were to submit all the responses he received from the posted notice, there is no indication that the evidence would be in the form of sworn affidavits based on first-hand knowledge needed to oppose a motion for summary judgment.

One cannot successfully oppose a motion for summary judgment by assuring the court that, when the time comes, he will present the promised evidence. As noted above, summary judgment is the "put up or shut up moment," and Robinson has failed to meet his burden. The scant support submitted by Robinson does not show a single instance of race discrimination.

## CONCLUSION

For the foregoing reasons, Moore's motion for summary judgment [#21] is granted. This case is terminated. The parties shall bear their own costs.

Entered this 26th day of October, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[4] The court declines to reproduce the writer's name and address. There is no indication that she intended for her correspondence to become part of a court file.